**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| LARRY LYLE LASKO #11894-052 | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. AW-13-cv-597 |
| THE UNITED STATES OF AMERICA, et al., | * | |
| Defendants | * | |

*** 

**MEMORANDUM**

On February 25, 2013, Larry Lyle Lasko, currently housed at FCI-Terre Haute, Indiana, filed a Complaint against the United States alleging misconduct by four federal Bureau of Prisons ("BOP") employees at the Federal Correctional Institution in Cumberland, Maryland. In addition to money damages for personal injury, Lasko seeks injunctive relief mandating, in part, that defendants complete sensitivity training.[1]  The case was afforded a generous construction as a hybrid 28 U.S.C. § 1346(b) Federal Tort Claim Act ("FTCA") Complaint and a 28 U.S.C. § 1331 Federal Question Complaint alleging civil rights violations under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics.*[2]  Lasko, who is self-represented, requests leave to proceed in forma pauperis.  The request (ECF No. 2) shall be granted.

To the extent that he complains of tortious action on the part of federal Bureau of Prisons ("BOP") employees at Federal Correctional Institution-Cumberland Maryland, Lasko appears to

---

[1] Lasko seeks leave to proceed in forma pauperis.  His indigency application (ECF No. 2, p. 1) suggests that previous lawsuits filed in other jurisdictions have been dismissed as frivolous under  28 U.S.C. § 1915(e).  If such dismissals occurred, they have not been entered in the National Pro Se "Three Strikes" Database found at http://nprose.circ9.dcn.

[2] *Bivens*, 403 U.S. 388, 392 (1971) held that lawsuits for damages could be maintained against federal officials for violations of the Constitution.

have filed the requisite administrative claim under the FTCA.[3]   ECF No. 1, Ex. 1, p. 1,

September 12, 2012 correspondence from Michelle T. Fuseyamore, Bureau of Prisons Regional

Counsel, Mid-Atlantic Region. Examination of the administrative claim documents reveals that

Lasko claimed to have been assaulted on October 10, 2010, between 5:30 and 6:30 p.m., while

confined in FCI-Cumberland's Housing Unit D-1.  It is uncontroverted that Lasko approached

Officer K. Liller to ask whether he had received any mail.  Liller asked Lasko "where he was

during mail call," and Lasko stated he had something important to do during that time.  ECF No.

1, Ex. 1, p. 8.

From that point on, the parties disagree as to the facts surrounding the incident.  Liller

claims Lasko began to wave his arms and threaten administrative action against Liller for

denying him access to his mail.  Liller states he stood up and confronted Lasko, telling him to

calm down.  When Lasko failed to comply, Liller told him to turn around to be cuffed, and Lasko

refused.  Liller claims he then called a compound officer to meet him outside D Unit.  Lasko left

the area to go outside to the compound, with Liller following behind.  Once outside, Liller met

with two compound officers who then escorted Lasko from the area without further incident.

Lasko was charged with infractions which, were he found guilty by a hearing oficer, could result

in a loss of seven days' good conduct time.  *Id.*   In contrast, Lasko contends that Liller should

have given Lasko his mail immediately upon request rather than tell him to be present during

mail call. *Id.*, p. 9.  Lasko further contends that when he threatened to "write [Liller] up," Liller

---

[3] Under the FTCA, the United States is liable as a private person for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting under the scope of his office or employment."  28 U.S.C. § 1346(b).  As a waiver of sovereign immunity, the FTCA is to be narrowly construed.  *See United States v. Nordic Village, Inc.*, 503 U.S. 30, 34 (1992).  To proceed under the FTCA, a claimant cannot file a lawsuit unless he has first presented an administrative claim to the appropriate federal agency and it has been finally denied or the agency has not made a final determination after the passage of six months.  *See* 28 U.S.C. § 2675(a).  Compliance with the administrative claim process is a jurisdictional prerequisite to suit under the FTCA.  *See Kokotis v. United States Postal Service*, 223 F. 3d 275, 278 (4th Cir. 2000).

committed an assault when he "r[a]n toward Lasko and poke[d]/jab[bed]" Lasko on the left side of his face while stepping on Lasko's left foot. *Id.,* pp. 9, 12. Lasko also argues that corrections personnel had no basis to refer Lasko for disciplinary charges, and implies the charges were filed only after Lasko sought adjudication of administrative remedies against Liller. *Id.,* pp. 14, 19.

In the instant lawsuit, Lasko claims entitlement to damages based on Liller's (1) tortious conduct which also (2) violated his civil rights under the Eighth Amendment. Lasko also claims other named defendants "covered up" Liller's misconduct and retaliated by placing him in the Special Housing Unit for five months after charging Lasko with institutional infractions.

Lasko cannot obtain money damages for tortious misconduct because he suffered no physical or economic injury as a result of his altercation with Liller. This absence of injury also defeats Lasko's recovery under the civil rights statute. This is not to say that the absence of serious injury is irrelevant to the Eighth Amendment inquiry. *Wilkins v. Gaddy*, 559 U.S. 34, 130 S.Ct. 1175, 1178 (2010). However, the complaint must demonstrate that a defendant "inflicted unnecessary and wanton pain and suffering." *Whitley v. Albers*, 475 U.S. 312, 320 (1986). Lasko must allege facts that the use of force was applied "maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). The court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. *See Whitley*, 475 U. S. at 321. Here, Lasko admits he verbally engaged Liller to demand his mail and gestured with his arm (though he states he meant no harm), and Liller responded by moving toward him, stepping on his foot and poking his finger into Lasko's face while administering verbal admonishments. While such conduct was viewed by Lasko as

unprofessional and rude, Lasko has not alleged, nor can it be inferred from the allegations contained in the complaint, that Liller inflicted unnecessary and wanton pain and suffering or that any force used by Liller was done so maliciously, sadistically, and with the intent to cause harm.  As stated in *Hudson,* 503 U.S. at 9*,* not "every malevolent touch by a prison guard gives rise to a federal cause of action."  Indeed, the Eighth Amendment's "prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind."  *Id.* (some internal quotation marks omitted).  A prisoner complaining of a "push or shove" that causes no discernible injury almost certainly fails to state a valid excessive force claim.  *Id.* (quoting *Johnson v. Glick,* 481 F.2d 1028, 1033 (2d. Cir. 1973).

Lasko's claims of conspiracy and retaliation fare no better.  In order to prevail on a claim of retaliation, Lasko must show that a retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). A claim that alleges retaliation in wholly conclusory terms may safely be dismissed on the pleading alone. *See Gill v. Mooney,* 824 F.2d 192, 194 (2nd Cir. 1987); *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2nd Cir. 1983); *Pierce v. King*, 918 F. Supp. 932, 945 (E.D. N.C. 1996) (conclusory allegations of retaliation insufficient to state claim). In *American Civil Liberties Union of Maryland, Inc. v. Wicomico County*, Md. 999 F.2d 780, 785 (4th Cir. 1993), the court indicated that retaliation, though it is not expressly referred to in the Constitution, is nonetheless actionable because retaliatory actions may tend to chill an individual's exercise of constitutional rights. *See Perry v. Sindermann,* 408 U.S. 593, 597 (1972). Where there is no impairment of the plaintiff's rights, however, there is no need for the protection provided by a cause of action for retaliation; thus, a showing of adversity is essential

4

to any retaliation claim. *Id.*   In the prison context, such claims are treated with skepticism because "'[e]very act of discipline by prison officials is by definition "retaliatory" in the sense that it responds directly to prisoner misconduct.'" *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (quoting *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994)). Lasko's bald claims of conspiracy and retaliation are belied by the record; his administrative complaints concerning Liller's actions were fully addressed despite the fact that all responses might not have been filed within the recommended timeline and/or prison personnel did not keep copies of every administrative action.[4]

Title 28 U.S.C. 1915(e), provides that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>
> (A)     the allegation of poverty is untrue; or
> (B)     the action or appeal --
>         (i)      is frivolous or malicious;
>         (ii)     fails to state a claim on which relief may be granted; or
>         (iii)    seeks monetary relief against a defendant who is immune from such relief.

This action seeks money damages from a party immune from such relief and will be dismissed pursuant to 28 U.S.C. 1915(e)(2)(B)(iii).   This dismissal will constitute Lasko's "first strike" under the statute in this jurisdiction.   Lasko is advised that once three such dismissals are entered against him, he will be barred from filing new cases unless he first submits the entire

---

[4] Lasko infers that he was placed in the Special Housing Unit ("SHU") in retaliation for filing administrative grievances about the incident. It appears, however, that he was placed in the SHU because he was charged with violating institutional rules. Prisoners retain rights under the Due Process Clause, but prison disciplinary proceedings are not part of a criminal prosecution and the full array of rights due a defendant in such proceedings does not apply. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (*citing Morrissey v. Brewer*, 408 U.S. 471, 488 (1972)).  Lasko does not fully delineate his complaints regarding prison disciplinary proceedings arising out of this incident in his lengthy complaint and accompanying exhibits, and accordingly such a claim will not be examined here.

civil filing fee, pursuant to 28 U.S.C. § 1915 (g).

A separate order shall be entered in accordance with this Memorandum.


March 18, 2013                                    _____/s/_____
                                                  Alexander Williams, Jr.
                                                  United States District Judge